1  Clyde A. Thompson, SBN 72920
   Andrea A. Najor, SBN 221853
2  HAAPALA, ALTURA, THOMPSON & ABERN, LLP
   1939 Harrison Street, Suite 800
3  Oakland, California 94612
   Tel:   510-763-2324
4  Fax:   510-273-8570

5  Attorneys For Defendants
   COUNTY OF ALAMEDA and
6  DEPUTY R. L. SILCOCKS

7

8                    UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10 D'LAINE PARRISH, guardian ad litem for    ) Case No.: C05-03140 MJJ
   GAVIN J. PARRISH, ASHLEIGH PARRISH        )
11 and DANIEL PARRISH, ESTATE OF             ) **STIPULATION AND PROTECTIVE**
   RICHARD LEBON,                            ) **ORDER REGARDING DOCUMENTS,**
12                                           ) **THINGS, AND INFORMATION TO BE**
               Plaintiffs,                   ) **PRODUCED BY THE PARTIES FOR**
13                                           ) **INSPECTION, COPYING AND USE IN**
        vs.                                  ) **THIS LITIGATION**
14                                           )
   ALAMEDA COUNTY, DEPUTY SHERIFF            )   AND ORDER
15 R. L. SILCOCKS, and DOES 1-20, inclusive, )
                                             )
16             Defendants.                   )
                                             )
17

18         Whereas, defendant Alameda County claims that the following materials are subject to

19 claims of confidentiality and privacy protection under California Penal Code Sections 11075,

20 11142, 11167 and 11167.5):

21         1. Drawings, diagrams and photographs, which show the layout of the Hayward Hall of

22 Justice Court facility;

23         2. The identity of persons other than Richard Lebon, which is contained in police

24 reports of incidents in which Richard Lebon was involved;

25         3. The identity of persons involved in other suicides and suicide attempts at other

26 Alameda County facilities.

27         The parties therefore stipulate that the Court enter a Protective Order as set out below:

28         1. Counsel for plaintiffs and their experts shall be permitted to inspect the Hayward Hall

1

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

of Justice Court facility, and to make measurements, take photographs and videotape (or equivalent) recordings under the following terms and conditions:

  A. The inspection of the Hayward Hall of Justice Court facility shall take place after hours when the inmates have left the facility and the Alameda County Sheriff's Office has determined it is safe to conduct the site inspection, and shall include:

    i. The holding area adjacent to Department 513, and the route described by Deputy Silcocks that he took Mr. Lebon from Department 513 to the holding cell in which Mr. Lebon attempted to hang himself;

    ii. The route described by Deputy Silcocks in his deposition that he took to go from the monitor area to the holding cell where Mr. Lebon was held;

    iii. The monitor area, including a demonstration of what can be seen in the monitor area through the cameras in the holding cell where Mr. Lebon was held; and

    iv. The auxiliary cell and its distance and physical relationship to nearby areas which can be staffed.

  B. Defendants shall produce, prior to the inspection, such architectural drawings as they have available which show the distances and locked doors on the routes described in sections A(i) and A(ii) above. The drawings to be produced will be limited to show the distances involved with as little unnecessary detail as possible. The drawings shall not depict the technical details of any security system. Counsel for plaintiffs shall inspect the drawings and request copies only of such drawings as they intend to introduce into evidence or as they intend to use to prepare exhibits for trial. The purpose of this prior production is assist plaintiffs' request for facility dimensions and to reduce the amount of measurement and photography of the secure areas of the Hall of Justice, which needs to be done by plaintiffs.

  C. Defendants shall produce, prior to the inspection, all photographs taken of the scene and of Mr. Lebon on the day of the incident. The purpose of this prior production is to limit the amount of measurement and photography, which needs to be done by plaintiffs.

  2. Counsel for plaintiffs and their experts shall be permitted to inspect, photograph and measure a typical, unoccupied, safety cell at the Santa Rita Jail, and a modesty garment of the

2

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

type use for suicidal inmates while confined in the safety cell. Prior to the inspection, defendants shall produce such drawings and illustrations as they may have showing the design and features of the safety cell. Plaintiffs' counsel shall only request copies of such drawings and illustrations as they may reasonably intend to introduce at trial, or as they need to prepare exhibits for use at trial. The purpose of this prior production is to reduce the amount of measurement and photography, which needs to be done by plaintiffs.

3. Counsel for defendants shall be permitted to inspect all photographs, drawings and measurements made during the inspections before plaintiffs offer this information in a proposed exhibit. If any drawings, photographs or measurements are of areas or things beyond the scope of this order, they shall be destroyed. If counsel is not able to agree upon whether or not photographs, drawings or measurements are within the scope of this order, then on application, the Court will make that determination.

4. Defendants shall produce non-redacted reports for each of the police reports that they have previously produced. Further, defendants shall produce non-redacted reports relating to suicide attempts and completed suicides in Alameda County jail facilities, which have occurred on or after January 1, 1998.

5. All writings produced pursuant to this stipulation (as defined by Federal Rules of Evidence, Rule 1001), materials, and information produced and designated "confidential" by the Defendant (hereinafter referred to as "such writings, materials, or information") shall be securely maintained and kept confidential in accordance with the terms of this stipulation and protective order. Documents designated confidential shall be marked "confidential." The Parties and their counsel will act in good faith in designating the writings as "confidential" so as to comply with the requirements of Northern District Local Rule 79-5. If any party, through their counsel, contend that any of the writings designated as "confidential" by an opposing party is <u>not</u> confidential, security sensitive or privileged, then that party and/or counsel must make a proper and timely objection to opposing counsel, meet and confer in an effort to resolve the disagreement, and if the disagreement is not resolved after meeting and conferring, bring the issue before the court for resolution.

3

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

6. Information sought to be protected and designated as "confidential" will be subject to protection under FRCP Rule 26(c), counsel seeking this protection shall not designate any discovery material "confidential" without first making a good faith determination that protection is warranted.

7. The party seeking protection for these materials and designation as "confidential" has the burden of proof to show that such protection is warranted.

8. Counsel for the parties may as appropriate in this action show any such "confidential" writings, photographs, materials, or any copies, prints, negatives, listings or summaries to parties to the action, witnesses, and experts or consultants employed by the parties and retained in connection with this specific action. The parties to the stipulation and protective order and counsel shall not give, show, or otherwise divulge any such writings, photographs, materials or information, or the contents or substance thereof, or any copies, prints, negatives, listings or summaries, to any person or other entity except their employees, experts or consultants employed and retained in connection with this specific action. Law enforcement and detention facility security information, photographs, or video may not be posted on any internet site or web page.

9. The employees, experts or consultants of the parties in this action to whom such writings, materials or information are intended to be presented, shall, before such writings, materials or information are presented to them, be given a copy of this stipulation and protective order and shall agree to be bound by its terms.

10. All writings submitted to or filed with the court in connection with this action, which reasonably would affect issues of jail security shall be filed with the court under seal pursuant to and in accordance with the procedures set forth in Northern District Local Rule 79-5. The confidential portions of the documents to be filed with the court shall be filed in sealed envelopes as set forth in Northern District Local Rule 79-5 which shall not be opened, nor the contents displayed or revealed to anyone except by express order of the court. The court and its employees and designated representatives are permitted to review the contents of such sealed items for the purpose of ruling on any matter before the court.

4

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

A. <u>Filing of Confidential Materials Under Seal</u>

Pursuant to Northern District of Ca Local Rule 79-5 the following procedure will be used when filing confidential documents under seal:

<u>79-5 (b) Request to File Entire Document Under Seal</u>. Counsel seeking to file an entire document under seal must:

(1) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

(2) Lodge with the Clerk and serve a proposed order sealing the document;

(3) Lodge with the Clerk and serve the entire document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

(4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

In addition to the instructions under Local Rule 79-5(b) all materials sought to be filed under seal will have instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court. The envelope will be labeled to identify the title of the case, case number, and title of the document.

<u>79-5 (c) Request to File a Portion of a Document Under Seal</u>. If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

(1) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

(2) Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

(3) Lodge with the Clerk and serve the entire document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to

5

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1  the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and

2  prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The

3  sealable portions of the document must be identified by notations or highlighting within the text;

4      (4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of

5  the entire document, in an identical labeled envelope or container, with the sealable portions

6  identified;

7      (5) Lodge with the Clerk and serve a redacted version of the document that can

8  be filed in the public record if the Court grants the sealing order.

9      <u>79-5 (d) Filing a Document Designated Confidential by Another Party</u>. If a party

10 wishes to file a document that has been designated confidential by another party pursuant to a

11 protective order, or if a party wishes to refer in a memorandum or other filing to information so

12 designated by another party, the submitting party must file and serve an Administrative Motion

13 for a sealing order and lodge the document, memorandum or other filing in accordance with this

14 rule. If only a portion of the document, memorandum or other filing is sealable, the submitting

15 party must also lodge with the Court a redacted version of the document, memorandum or other

16 filing to be placed in the public record if the Court approves the requested sealing order. Within

17 five days thereafter, the designating party must file with the Court and serve a declaration

18 establishing that the designated information is sealable, and must lodge and serve a narrowly

19 tailored proposed sealing order, or must withdraw the designation of confidentiality. If the

20 designating party does not file its responsive declaration as required by this subsection, the

21 document or proposed filing will be made part of the public record.

22     <u>79-5 (e) Request Denied</u>. If a request to file under seal is denied in part or in full,

23 neither the lodged document nor any proposed redacted version will be filed. The Clerk will

24 notify the submitting party, hold the lodged document for three days for the submitting party to

25 retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the

26 submitting party may retain the document and not make it part of the record in the case, or,

27 within 3 days, re-submit the document for filing in the public record. If the request is denied in

28 part and granted in part, the party may resubmit the document in a manner that conforms to the

6

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

Case 3:05-cv-03140-BZ Document 52 Filed 02/15/2007 Page 7 of 9

1  Court's order and this rule.

2      <u>79-5 (f) Effect of Seal</u>. Unless otherwise ordered by the Court, any document filed
3  under seal shall be kept from public inspection, including inspection by attorneys and parties to
4  the action, during the pendency of the case. Any document filed under seal in a civil case shall
5  be open to public inspection without further action by the Court 10 years from the date the case
6  is closed. However, a party that submitted documents that the Court placed under seal in a case
7  may, upon showing good cause at the conclusion of the case, seek an order that would continue
8  the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is
9  intended to affect the normal records destruction policy of the United States Courts. The
10  chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's
11  discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements
12  are made.

13      11. The parties through their counsel, experts and consultants may only use the writings
14  covered by this order and information contained in them solely in connection with this action,
15  Case No. C05-03140 MJJ.

16      12. Upon completion of the trial and any appeals in this case, or upon conclusion of any
17  settlement, counsel for the parties who have obtained any writings, materials or information
18  under this order shall collect them from all recipients and return them and all copies, lists, prints,
19  negatives or summaries to counsel for the Party that produced the confidential material.

20      13. None of the parties to this action, their counsel nor any of the other persons or
21  entities who have agreed to be bound by the terms of the stipulation and protective order shall
22  hereafter, unilaterally change, limit, vacate or otherwise modify or terminate the effect of this
23  stipulation and protective order. Any modification to the protective order requires further
24  stipulation of the Parties and court order, or by motion to the court for good cause.

25      14. The improper disclosure of any confidential writings, materials, or information
26  obtained under this stipulation and protective order, or any other violation of this protective
27  order by any person or entity, shall render the offending person or entity subject to such sanction
28  as the court deems appropriate.

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

7

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation

15. Even after termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until six (6) months after final termination of the action, or as a court order otherwise directs.

Dated: January 19, 2006

LAW OFFICES OF LAURENCE F. PADWAY

By: _____
Laurence F. Padway
Attorneys For Plaintiffs

Dated: January 18, 2006

LAW OFFICES OF KIMBERLY KUPFERER

By: _____
Kimberly Kupferer
Attorneys For Plaintiffs

Dated: January 19, 2006

HAAPALA, ALTURA, THOMPSON & ABERN, LLP

By: _____
Clyde A. Thompson
Attorneys For Defendants
COUNTY OF ALAMEDA and
DEPUTY R. L. SILCOCKS

## PROTECTIVE ORDER

The court having considered the proposed stipulation regarding the records, writings and documents of or relating to the parties to this action, and there being good cause, the records and documents described in this protective will be maintained in accordance with the provisions of this stipulation.

IT IS SO ORDERED.

Dated: 2/5/2007

_____
Honorable Martin J. Jenkins
Judge, United States District Court

8
*Parrish v. Alameda County, et al./#C05-03140 MJJ*
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By The Parties For Inspection, Copying And Use In This Litigation

TOTAL P.01

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California, on _____ [date], in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the Court**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action, or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

9

*Parrish v. Alameda County, et al.*/#C05-03140 MJJ
Stipulation And Protective Order Regarding Documents, Things, And Information To
Be Produced By The Parties For Inspection, Copying And Use In This Litigation