**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D'LAINE PARRISH, guardian ad litem for GAVIN J. PARRISH, ASHLEIGH PARRISH AND DANIEL PARRISH, ESTATE OF RICHARD LEBON<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY, DEPUTY SHERIFF R. L. SILCOCKS, and DOES 1-20, inclusive,<br><br>Defendants.<br>_____/ | CASE NO. C 05-03140 BZ<br><br>ORDER GRANTING PETITION TO APPROVE COMPROMISE OF PENDING ACTION AND DISPOSITION OF PROCEEDS OF JUDGMENT |

    1. Petitioner D'Laine Parrish, guardian ad litem for Gavin J. Parrish, Ashleigh Parrish and Daniel Parrish and the Estate of Richard Lebon has petitioned for court approval of a proposed compromise of this action involving the three minor children of Richard LeBon against Alameda County Sheriff R. L. Silcocks and the Alameda County Sheriff's Department.

    2. The court finds that all notices required by law have been given.

    3. The Court grants the petition to approve the compromise of the action and the

Order Approving Compromise    1

disposition of the proceeds.

4. The guardian ad litem is authorized to stipulate to dismissal of the case, to sign a standard form release, and to pay attorneys' fees and expenses of litigation awarded by separate order of the Court, upon receipt from defendants of one or more checks or drafts, drawn payable to the order of the petitioner D'Laine Parrish, guardian ad litem for Gavin J. Parrish, Ashleigh Parrish and Daniel Parrish and the petitioner's attorney Laurence F. Padway in the amount of the settlement, which is $500,000. (five hundred thousand dollars).

5. The guardian ad litem shall temporarily deposit the net proceeds of $207,465.19 in a federally insured account jointly titled "D'laine Parrish, guardian ad litem for Gavin J. Parrish, Ashleigh Parrish and Daniel Parrish etc., and the Law Offices of Laurence F. Padway at a bank or savings and loan in California. All checks or withdrawals from the account shall require both the signature of the guardian ad litem and her attorney. The guardian ad litem shall promptly file with the Court, a receipt from the depository, acknowledging that the funds deposited therein may not be withdrawn except in accordance with this order.

6. No withdrawals of principal or interest shall be made from the blocked account described in paragraph 5, except that the guardian ad litem may withdraw up to Ten thousand dollars ($10,000.0) for a refundable deposit toward a new residence and up to an additional Five thousand dollars ($5,000.00) for inspections and reports reasonably necessary in contemplation of the purchase of the property. These expenditures do not require Court approval. In the event that a prospective residence is determined by the guardian ad litem to be unsuitable as the result of the inspections or the guardian ad litem's investigation of the property, the guardian ad litem may abandon the property and locate another one. The guardian ad litem may continue this process without Court approval until an appropriate residence is located as long as the cost of the inspections and reports does not exceed a total of Five thousand dollars ($5,000.00).

Order Approving Compromise                                2

7.  After being satisfied as to the suitability of the purchase, and having received appropriate reports, the guardian ad litem shall apply, ex parte, to the Court for approval of the final purchase.  Title shall be taken in the name of the guardian ad litem in trust for the three minors, and an order shall be recorded in the chain of title of the property in a form attached as exhibit 1 hereto, giving notice that title is being held subject to the jurisdiction of the Court.  A copy of the deed and the recorded order shall be filed by the guardian with this Court promptly after the close of the purchase.  Any sums which remain in the account referred to in paragraph 5 of this order following the purchase shall be deposited as set forth in paragraph 14, infra.

8.  The property shall be used as the residence of the guardian ad litem and the minors.  The guardian ad litem shall be responsible for payment of all taxes, insurance, repairs and maintenance on the property but shall not be obligated to pay rent.  As any of the minors attain the age of majority, the guardian ad litem may request that they contribute to these expenses, but none of the minors shall be asked to contribute towards the property as long as they are full time students.

9.  The guardian ad litem may sell the property and terminate the trust in her discretion at any time after the youngest beneficiary turns 18, i.e., on or after June 15, 2020.  In connection with any such sale, the guardian ad litem shall file an accounting with the Court and obtain prior approval for sale.  A motion to approve the accounting and the sale shall be served by mail or personal delivery to the beneficiaries and counsel for plaintiffs  and scheduled as a law and motion proceeding.  The Court will approve either an open market sale, with funds to be disbursed to the beneficiaries, or  a sale to one or more of the beneficiaries supported by an appropriate appraisal.  Court approval of the sale will be limited to assuring that the sale is at an appropriate price and that funds are distributed to the beneficiaries of the trust.  The guardian ad litem is not obligated to give any notice of the sale to anyone other than the beneficiaries and counsel for plaintiffs or otherwise conform to procedures followed in probate sales in California.  The Court will

not conduct the sale or entertain overbids as part of the Court approval.

10. On June 15, 2025, unless sooner terminated by the sale of the property, the trust shall terminate and title shall thereafter be held in the names of Gavin Parrish, Ashleigh Parrish and Daniel Parrish, as tenants in common. On that date, the guardian ad litem shall be discharged and the jurisdiction of this Court shall end. The guardian shall notify the court of the termination date, so a final order may issue.

11. In the event that the guardian ad litem and the minor children cease to reside at the premises (other than while enrolled as a full time students), prior to June 15, 2025, the guardian ad litem shall notify the Court and any beneficiaries over the age of 18 and make appropriate recommendations with respect to the trust.

12. The trust described herein is spendthrift, and the beneficiaries may not transfer, assign or hypothecate or in any manner alienate their interests therein.

13. The guardian shall not borrow against or mortgage the property, shall not use it as collateral for any borrowing and shall not take any action which may diminish the beneficiaries' interest in the property without prior approval of the court.

14. There will be no formal trust instrument other than this order.

15. To the extent that any funds of the minors are not exhausted in the purchase of the residence, they shall be deposited by the guardian ad litem in a federally insured blocked account in the name of the guardian ad litem as trustee for the minor children. No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to

Order Approving Compromise                    4

escheat.

16. Each of the three minor children own a one third interest in the sums on deposit in the account described in paragraph 14, which he or she may withdraw, without further order of the Court, on or after his or her 18th birthday. The minors and the dates of their 18th birthdays are:

> Gavin J. Parrish aka Gavin J. Lebon, March 22, 2013;
> Daniel Parrish aka Daniel Lebon, June 15, 2020;
> Ashleigh Parrish aka Ashleigh Lebon, June 15, 2020.

17. Bond is not required. The guardian shall file annually on October 1, a letter report, with a copy to counsel for plaintiffs, confirming that the minors are still living in the house and that no ownership problems have arisen and otherwise advising the court of the status of the guardianship.

**IT IS SO ORDERED**.

Date: October 3, 2007

Honorable Bernard Zimmerman
United States Magistrate Judge

Order Approving Compromise                5

1  Recording requested by and when recorded return to:
   Laurence F. Padway
2  Law Offices of Laurence F. Padway
   1516 Oak Street, Suite 109
3  Alameda, California 94501

4  (510) 814-6100

5  Attorneys for D'laine Parrish,
              guardian ad litem, etc.
6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9
   D'LAINE PARRISH, guardian ad
10 litem for GAVIN J. PARRISH,
   ASHLEIGH  PARRISH AND DANIEL            Case No. C 05-03140 BZ
11 PARRISH, ESTATE OF RICHARD
   LEBON
12                                         NOTICE OF RESTRICTION
             Plaintiffs,                   ON SALE OR ENCUMBRANCE
13 vs.

14
   ALAMEDA COUNTY, DEPUTY
15 SHERIFF R. L. SILCOCKS, and
   DOES 1-20, inclusive,
16
             Defendants.
17
   _____/
18

19         Notice is hereby given that the attached order entered in this action restricts the sale

20 or encumbrance of the real property described as follows:

21

22         [legal description, address and APN]

23

24         Dated:

25                                         _____
                                           Laurence F. Padway
26                                         Attorney for plaintiffs

27         [Attach pages 1-5 of the Order Granting Petition to Approve Compromise]

28 Order Approving Compromise                  6